DISSENTING OPINION BY
SENIOR JUDGE COLINS
I must respectfully dissent from the well-crafted opinion of the majority.
As noted by the majority, a commercial beer garden is not a permitted use in a Residential Multi-Family (RM-1) zoning district in the City of Philadelphia (City). It is uncontested that the beer garden is being operated in a residential neighborhood without an appropriate use permit. Regardless of the salutary nature[1] of this so-called “pop-up beer garden,” it is still being operated in derogation of the Philadelphia Code (Code). The novelty of a use does not render passe the presumption that a zoning ordinance is a legitimate exercise of the police power enacted to protect and preserve the public health, safety, and welfare. The burden to rebut this presumption does not lay with the agency tasked with enforcing the law but with the landowner seeking to show that the restrictions imposed are invalid.
By showing that the beer garden was operating in a residential zone and was doing so without a use permit, the City satisfied the criteria necessary to issue a valid Cease Operations Order; the City was not required to provide additional evidence to demonstrate that operating a non-residential use in a residential district without a permit was contrary to the public welfare.[2] The Court of Common Pleas *172 of Philadelphia County (Trial Court) committed a palpable error of law by placing the evidentiary burden on the City rather than requiring Appellees to prove that operation of the beer garden was not contrary to the public welfare. As noted by the Majority, the Code makes clear that no land may be used for purposes other than single-family residential use without first obtaining a zoning permit. The burden to demonstrate that the Cease Operations Order was issued in error because it is an illegitimate exercise of the police power to require a property owner to obtain a permit to use property for purposes other than a permitted or single-family residential use is a heavy one, which Appellees failed to carry. Therefore, Appellees did not establish reasonable grounds to support injunctive relief.
Moreover, Appellees were free to apply for a permit, as they have now done, or to challenge any alleged failure of the Code to provide for temporary commercial uses. Appellees’ failure to seek relief through the process available to them does not transform that process into one that is less than what Appellees are due or provide a justification for Appellees to circumvent the law altogether.
Finally, this Court, by affirming the preliminary injunction erroneously issued by the Trial Court, is usurping the Zoning Board of Adjustment’s statutory function; the merits of this matter have been appealed to the Board and it is within the province of that body to determine, in the first instance, whether the Code is preempted by the Pennsylvania Liquor Control Board’s (PLCB) issuance of off-premises catering permits and whether temporary use of a property zoned RM-1 for a seasonal beer garden as a result of stringing together off-premises catering permits issued by the PLCB is a valid use or contrary to the public welfare.[3]
The courts should not, and cannot, rewrite valid local zoning ordinances or enjoin their enforcement under the auspices of the judiciary's inherent equitable powers.[4] The order of the Court of Common *173 Pleas of Philadelphia County dated July 10, 2015 should be reversed.

. The conclusion of the Court of Common Pleas of Philadelphia County that Appellee's "expenditure put forth to clear the [subject property] of trash, vermin, and other unsightly blight, was an improvement to the neighborhood," is particularly dubious. (Trial Court Op. at 9.) The care and maintenance of one’s own property is not extraordinary, rather it is the minimum expected and required of any landowner.

. The Philadelphia Code allows the Department of Licenses and Inspections to issue a cease operations order whenever (1) any occupancy, use, or other activity is being performed in or on any building, structure, or land without one or more required permits or special exceptions, and either (2) the missing permits or special exceptions are required to protect public health or safety, or (3) the continued occupancy, use, or activity without *172 the required permits or special exceptions is creating a public nuisance. Philadelphia Code § 14—306(l)(e)(. 1). The beer garden was a commercial use being operated in a residential zone without a use permit and the requirement for a use permit in a zone where the use in question is not permissible is presumptively required to protect the public health and safety. Therefore, the City of Philadelphia met its burden to issue the Cease Operations Order and the burden shifted to Appellees to show that the Cease Operations Order was issued in error.

. Smith v. Zoning Hearing Board of Huntingdon Borough, 734 A.2d 55, 58 (Pa. Cmwlth. 1999) ("a zoning hearing board is the entity charged with the interpretation and application of the zoning ordinance. It is well settled that a zoning hearing board’s interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court. This principle is also codified in Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8). The basis for the judicial deference is the knowledge and expertise that a zoning hearing board possesses to interpret the ordinance that it is charged with administering.”) (citations omitted).

.See American Federation of Labor v. American Sash and Door Co., 335 U.S. 538, 553, 69 S.Ct. 258, 93 L.Ed. 222 (1949) (Frankfurter, J., concurring) ("Even where the social undesirability of a law may be convincingly urged, invalidation of the law by a court debilitates popular democratic government. Most laws dealing with economic and social problems are matters of trial and error. That which before trial appears to be demonstrably bad may belie prophesy in actual operation. It may not prove good, but it may prove innocuous. But even if a law is found wanting on trial, it is better that its defects should be demonstrated and removed than that the law should be aborted by judicial fiat. Such an assertion of judicial power deflects responsibility from those on whom in a democratic society it ultimately rests the people.”); Bil *173 bar Construction Co. v. Board of Adjustment of Easttown Township, 393 Pa. 62, 141 A.2d 851, 856 (1958) (“.. .what serves the public interest is primarily a question for the appropriate legislative body in a given situation to ponder and decide. And, so long as it acts within its constitutional power to legislate in the premises, courts do well not to intrude their independent ideas as to the wisdom of the particular legislation. Specifically, with respect to zoning enactments, judges should not substitute their individual views for those of the legislators as to whether the means employed are likely to serve the public health, safety, morals or general welfare.”).